IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Green, | Case No.: 4:25-cv-0317-JD |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Priscilla Bail Bonds, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 13), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Marvin Green's ("Plaintiff" or "Green") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Green, proceeding *pro se*, sued Defendant Priscilla Bail Bonds ("Defendant") under 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act (FDCPA). (DE 1.) Plaintiff alleges that in December 2024, Defendant came to his home to take him to

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

jail, but he was not there. (DE 1 at 4.) Plaintiff claims that he called Defendant, and Defendant stated that he would have to pay $5,000 or go to jail. Plaintiff stated that he told Defendant, "I completed the contract." (Id.) Plaintiff does not allege that he paid the $5,000 or that he was taken to jail. Plaintiff states that his injuries are loss of sleep, emotional distress, and mental anguish. (DE 1 at 5.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on February 12, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without prejudice and without issuance and service of process because "Defendant is not a state actor for purposes of [section] 1983 liability." (DE 13.) The Report also found that "the FDCPA is inapplicable to those creditors who are collecting their own debts." (DE 13 at 2.) Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 13) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 28, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.